## J. E. YOUNG V. THE STATE.

No. 21636. Delivered June 4, 1941.

The opinion states the case.

*W. T. Brothers,* of Amarillo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on indictment charging him with the offense of swindling and given two years in the penitentiary by a jury in Deaf Smith County.

The voluminous record in this case contains one bill of exception which will be discussed. We do not think it proper or essential to a decision of this case to give consideration to the pages of purposeless pleadings filed by the defendant, and certainly not to the documentary matter which is denominated as briefs and argument which have been mailed to and tendered to this court. From the three hundred pages of record and statement of facts we have arrived at the conclusion that appellant was engaged in the real estate business in nearby counties; that a section of land in Deaf Smith County had come into the possession and ownership of the banking commission of the State of Oklahoma and that through much correspondence and conference appellant had brought together representatives of the bank and some prospective purchasers. A tie-up in their trade, the final result of which is not shown and is immaterial, nevertheless had brought about an excuse for a claim for additional compensation in the matter by the appellant. He had been paid his commission on the deal. A tenant on the land had planted a wheat crop and, in order to complete the deal or to get it in a shape that it may be done, appellant insisted in securing a transfer from the tenant to the prospective purchasers of the growing crop of wheat. While this contract was being held by them, and before the completion of the deal, he returned to this tenant and had him to execute a corrected transfer of the wheat, in which appellant's name was inserted, together with the other two, as an owner and by which he claimed one third interest in the wheat crop.

According to the State's evidence in the case, of which we

find no denial, this was a fraudulent transaction and appellant, having brought it about himself without the knowledge of anyone else or the intervention of any other agency, was in absolute and exclusive possession of a full knowledge of such facts. Having this contract so obtained by fraud in his possession, he advertised a third interest in this wheat crop for sale in a newspaper in Deaf Smith County. As a result he sold to a local citizen a third interest in the crop for the sum of $200.00 cash and a note for $150.00. He cashed the check for the payment at a Hereford bank, and the prosecution is based on the swindle of this citizen of the $200.00. Evidence of these transactions leading to that particular deal are pertinent. All other matters seem to be foreign to the case. Whether or not he had been fairly treated by the banking commissioner of Oklahoma or by his prospective purchasers is immaterial. He knew he had no interest in the wheat crop; he obtained the contract showing himself to have a third interest after it had been conveyed to two other parties in his presence and with his knowledge. He obtained no interest by reason of the instrument which he caused to be executed in his favor; he was in possession of the facts and knew this when he secured from his victim the Two Hundred Dollars. All else is immaterial.

The bill of exception found in the case complains of the introduction in evidence of the State's Exhibit Number Twelve which is a letter from appellant to Harry Barber and Clyde Wilson, dated October 22, 1939, and also of another communication as found in the record. The bill of exception is not in condition to require consideration. However, it may be said that the letter dated October 22, 1939, is pertinent for the purpose of showing that appellant knew he had no interest in the wheat when he sold it. If the other instrument is to be understood, it has the same purpose and effect.

The judgment of the trial court is affirmed.